UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
DIVISION EASTERN

FILED
IN CLERKS OFFICE

2004 OCT 12  P 2: 33

ACCESS 4 ALL, INC. a Florida not for profit corporation, and PETER SPALLUTO, Individually,

Plaintiffs,

vs.

BRE/SWISS, LLC,, a Delaware Limited Liability Company

Defendants.

Case No. 04 12154 MLW

U.S. DISTRICT COURT
DISTRICT OF MASS.

Magistrate Judge

MAGISTRATE JUDGE _____

RECEIPT # 59249
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED _____
BY DPTY. CLK. TOM
DATE 10/13/04

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida not-for-profit corporation, and PETER SPALLUTO, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, BRE/SWISS, LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### JURISDICTION AND VENUE

1.   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

1

2. Venue is properly in the United States District Court for the State of Massachusetts because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Plaintiff, Peter Spalluto, is an individual residing at 610 East Sample Road, Pompano Beach, Florida 33064, in the County of Broward.

4. Plaintiff, ACCESS 4 ALL, INC., is a group formed under the laws of the state of Florida. The ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire Drive, #505, Pompano Beach, Florida 33069.

5. Defendant's property, Hyatt Regency Boston Financial District is located at One Avenue de Lafayette, Boston, MA 02111 in the county of Suffolk.

## STATUTORY BACKGROUND

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

7. Among other things, Congress made findings in 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9) that included:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals

with disabilities continue to be a serious and pervasive social problem;

c. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

8. Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

a. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  c.  Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

9. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

10. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

11. Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC.. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the

requirements of the ADA. One or more of it's members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

12. Plaintiff Peter Spalluto is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. Peter Spalluto has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff intends to use the Defendant's facility, a public accommodation once the facility is made accessible. The Plaintiff has encountered architectural barriers at the subject property. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC. discussed above in paragraph 11.

13. The barriers to access at the property have endangered his safety.

14. ACCESS 4 ALL, INC. and Peter Spalluto have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 19 of this complaint.

15. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hyatt Regency Boston Financial District, and is located at One Avenue de Lafayette, Boston, MA 02111.

16. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to

discrimination in violation of the ADA by the Defendant.

17. Peter Spalluto desires to visit Hyatt Regency Boston Financial District not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the individual Plaintiffs and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

## THE INSTANT CLAIM

19. The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Hyatt Regency Boston Financial District has shown that violations exist. These violations include, but are not limited to:

## Parking

a. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

## Entrance Access and Path of Travel

a. The only accessible route from the street, sidewalk and parking areas is a platform lift which requires operator assistance and is in violation of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

b. There are stairs provided at the facility that do not comply with the standards prescribed

in Section 4.9 of the ADAAG.

### Access to Goods and Services

a. There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

b. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

c. There are recreational areas for public use at the facility that does not allow disabled patrons to access in violation of several Sections of the ADAAG.

d. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

e. There is an ATM provided for public use that does not comply with the requirements of Section 4.34 of the ADAAG.

### Restrooms

a. The sinks in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG.

b. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

c. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

d. There are showers provided at the facility without elements to facilitate use by the disabled in violation of several sections of the ADAAG.

e. There are storage areas provided for patrons of the facility that are inaccessible, violating the provisions of the ADAAG.

f. There are amenities provided for public use that do not comply with the requirements of the ADAAG.

### **Accessible Guest Rooms**

a. The bed(s) provided are on above ground frames that over-exceed height requirements that do not allow use of patient lifts violating Section 9 of the ADAAG.

b. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG.

c. The rooms for disabled use provide elements with controls/dispensers outside of the required ranges violating Sections 4.2 of the ADAAG.

d. The toilet in the restroom provided in the room designated for disabled use does not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

e. There is no clear path of travel provided between all elements provided in the room designated for disabled use violating Sections 4.3 and 9 of the ADAAG.

f. There are an insufficient number of guest rooms for persons with hearing impairments in violation of Section 9.1.3 of the ADAAG.

g. The disabled rooms are not dispersed among the various classes of sleeping accommodations in violation of Section 9.1.4 of the ADAAG.

### **Health Club**

a. The health club provided does not allow access to disabled patrons.

### **Indoor Pool**

b. There is no indoor pool area access for a wheelchair user.

20. The discriminatory violations described in paragraph 19 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

21. Defendant is required to remove the existing architectural barriers to the physically disabled

8

when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

23. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. The individual Plaintiff, the members of the Plaintiff's group and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

27. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter Hyatt Regency Boston Financial District to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

    a.    The Court issue a Declaratory Judgment that determines that the Defendants at the

commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

FULLER, FULLER AND ASSOC., P.A.
Attorney for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 - Fax

By: _____
O. Oliver Wragg, Esq.
Of Counsel
Bar Number: 643152

Date: 10-6-04

newE Mail to Spalluto DiPalma OPEN DOCTS 1004mp.wpd Bre/Swiss, LLC 100104mp

13