```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ACCESS 4 ALL, INC., and PETER SPALLUTO,<br><br>        Plaintiffs,<br><br>v.<br><br>BRE/SWISS, LLC,<br><br>        Defendant. | Civil Action<br>No. 04-12154-MLW |

## **ANSWER**

Defendant BRE/Swiss, LLC ("BRE/Swiss") responds to the separately-numbered paragraphs of the Complaint as follows:

   1.   Admitted.

   2.   Admitted.

   3.   BRE/Swiss lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3.

   4.   BRE/Swiss lacks knowledge or information sufficient to admit or deny the allegations of paragraph 4.

   5.   Admitted.

   6.   BRE/Swiss admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 6.

   7.   BRE/Swiss admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 7.

   8.   BRE/Swiss admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 8.

9. BRE/Swiss admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 9.

10. BRE/Swiss admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 10.

11. Denied.

12. BRE/Swiss lacks knowledge or information sufficient to admit or deny the allegations of paragraph 12.

13. Denied.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. BRE/Swiss denies the allegations of paragraphs 20, but intends in good faith to conduct a site inspection at the Property (currently scheduled for January 27, 2005).

21. BRE/Swiss admits that the Act and regulations promulgated thereunder, as interpreted by applicable court decisions, and define the scope of BRE/Swiss's obligations with respect to the subject Property, but denies all other allegations of paragraph 21.

22. BRE/Swiss admits that the Act and regulations promulgated thereunder, as interpreted by applicable court

decisions, define the scope of BRE/Swiss's obligations with respect to the subject Property, but denies all other allegations of paragraph 21.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. BRE/Swiss denies that any injunctive relief is appropriate with respect to the subject Property.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Facilities modifications or accommodations which are readily achievable to improve access to the Property have either been accomplished, are in progress and nearing completion, or are planned for implementation in the near future as a result of proactive, voluntary efforts by BRE/Swiss to comply with the ADA.

## THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that the facilities and/or practice or policy modifications identified by plaintiff in the Complaint have not been accomplished, the requested modifications would or

may fundamentally alter the nature of the Property and its attendant services as a public accommodation.

### FOURTH AFFIRMATIVE DEFENSE

To the extent, if any, that architectural or other barriers to access to the subject Property for persons with disabilities, as alleged in the Complaint, have not been removed, such removal is not readily achievable and would impose an undue burden upon BRE/Swiss.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have waived the claims alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped to assert the claims alleged in the Complaint.

WHEREFORE, BRE/Swiss respectfully requests:

A.   that the Complaint be dismissed with prejudice;

B.   that BRE/Swiss be awarded its costs, including attorneys' fees; and

C.   that BRE/Swiss be granted such other relief as is just and proper.

                                    BRE/SWISS, LLC

                                    By its attorneys,

```
                                        /s/
                                        Gordon P. Katz (BBO #261080)
                                        HOLLAND & KNIGHT LLP
                                        10 St. James Avenue
                                        Boston, MA  02116
                                        Tel:   (617) 523-2700
                                        Fax:   (617) 523-6850
                                        Email: gordon.katz@hklaw.com

                                                and

                                        Of Counsel:

                                        Mary A. Lau
                                        Florida Bar No. 228303
                                        LAU, LANE, PIEPER, CONLEY &
                                             McCREADIE, P.A.
                                        100 South Ashley Drive, Suite 1700
                                        P.O. Box 838
                                        Tampa, FL  33601-0838
                                        Tel:   (813) 229-2121
                                        Fax:   (813) 228-7710
                                        Email: mlau@laulane.com


Dated:     December 1, 2004
           Boston, Massachusetts
```